**223 P.2d 180**

**BRAGG v. INDUSTRIAL COMMISSION et al.**

**No. 5139.**

Supreme Court of Arizona.

Oct. 19, 1950.

Cox, Lockwood & Lockwood and L. J. Cox, Jr., all of Phoenix and Elijah Allen, of Mesa, for petitioner.

Donald J. Morgan, of Phoenix, for respondent Industrial Commission. H. S. McCluskey and Robert E. Yount, of Phoenix, of counsel.

PHELPS, Justice.

M. A. Bragg, the applicant here, claims to have sustained an injury to his left knee on November 17, 1947 by reason of an accident arising out of and in the course of his employment as foreman of construction for Ed. F. Bridgeman, dba Bridgeman Construction Company. The respondent Bridgeman was engaged in construction work in Phoenix at the time and was then and there employing three or more employees in and about his business who were covered by insurance carried by the Industrial Commission. No claim for compensation was filed with the commission until February 6, 1948.

The commission, acting upon the record then before it, on March 17, 1948, made its findings and award granting compensation to applicant. Upon application of the respondent Bridgeman a rehearing was granted to permit the introduction of new evidence. On May 12, 1948, this hearing was had and the additional evidence adduced. Thereupon the commission made its findings and award finding in so far as here material that applicant "did not sustain a personal injury by accident arising out of and in the course of his employment on November 17, 1947" and ordered "that applicant take nothing from the defendants, or either of them, by reason of his alleged personal injury."

The matter comes to us on certiorari.

Applicant contends that:

1. The finding that applicant did not sustain a personal injury arising out of and in the course of his employment is in conflict with the evidence in the case.

2. The findings are indefinite, in that they contain a negative pregnant.

3. That the undisputed, unimpeached and corroborated evidence shows that as a matter of law applicant did sustain an injury by accident arising out of and in the course of his employment.

Applicant sets forth further purported assignments Nos. 4 and 5 which under our rules and the decisions of this court, furnish no legal basis for consideration by us. Tidwell v. Riggs, 70 Ariz. 417, 222 P.2d 795.

Applicant argues that the Industrial Commission must accept undisputed evidence corroborated by disinterested witnesses as a fact proven and that any findings to the contrary will be set aside, citing as authority, Illinois Bankers' Life Ass'n v. Theodore, 44 Ariz. 160, 34 P.2d 423; Crozier v. Noriega, 27 Ariz. 409, 233 P. 1104, and Otero v. Soto, 34 Ariz. 87, 267 P. 947. These cases are not authority for the legal proposition urged but do hold that a court may not arbitrarily reject uncontradicted evidence when nothing intrinsic in the evidence itself or extrinsic in the circumstances of the case casts suspicion thereon. In re Gary's Estate, 69 Ariz. 228, 211 P.2d 815 extends the above rule.

We do not have to invoke the rule laid down in these cases however for the reason that this is not a case where the evidence is without conflict. The evidence with respect to whether applicant was injured as a result of an accident arising out of and in the course of his employment is conflicting in a number of particulars.

Applicant in his first claim for compensation stated he "stepped into exc. of foundation footings wrenching knee on left leg." In his second claim he stated: "* * * I stepped down into column footing, falling to bottom of concrete coating wrenching my left knee. I fell about 3' to 3½' to the bottom of the excavation."

The first claim contained no intimation that applicant fell and especially that he had fallen 3 to 3½ feet into a concrete excavation. According to his first claim he merely stepped into the excavation and wrenched his knee. Ordinarily one does not merely step into an excavation 3 to 3½ feet deep. Standing alone however this discrepancy would not appear to be so glaring but we have an irreconcilable conflict when we consider the testimony of Mr. and Mrs. Catlin to the effect that applicant stated to them he had arthritis causing lameness in his knee and compared it with Mr. Catlin's arthritic condition and stated he was then being treated by a chiropractor (he admitted on the witness stand that he was then under the treatment of Dr. Banzhof, a chiropractor, but denied that he told the Catlins he had arthritis) and Mrs. Catlin's further testimony that on subsequent occasions when she saw him she asked him about his arthritis and that he never at any of these times told her that he had injured his knee or that he did not have

arthritis and the further testimony of Mr. Catlin that applicant sometime later stated to him he "was afraid he might have injured himself someway."

The testimony of Mr. and Mrs. Catlin cannot be classed as mere negative testimony as claimed by counsel for applicant. Their testimony is of the most positive character and if true applicant's own statements concerning his knee difficulty were so conflicting in their nature as not only to cast suspicion upon their truthfulness but justified the commission in wholly disregarding all of them. Apparently the commission did believe the testimony of the Catlins and disbelieved applicant and his witnesses. In so doing it was exercising a discretion over which this court has no control.

█ The report of Dr. Woodman filed with the commission on February 26, 1948, states that he examined applicant one time. This occurred on December 18, 1947 and in answer to the question, "State in patient's own words where and how accident or cause of disability occurred", he answered: "Patient stated about two months ago he wrenched his left leg and noted pain in the back of left knee for a period of two days then noted swelling and severe soreness under muscles of calf of leg together with pain in left knee."

Counsel for the commission interprets this to mean that applicant stated to Dr. Woodman the accident occurred two months prior to December 18th. This interpretation may not be correct but it is not an unreasonable interpretation inasmuch as the question requests the answer to be made in applicant's own words. In any event it placed upon applicant the duty to clear up the question. He claimed it occurred on November 17th and if he told Dr. Woodman on December 18th it happened two months before that time it would place the accident around October 18th. If it was two months prior to February 26, 1948, it would have fixed the date of applicant's injury as having occurred around December 26th, not November 17th. If the testimony of Mr. Catlin is true applicant didn't know when or how his knee was injured or whether it had been injured at all when he stated to Catlin that he was afraid he might have injured himself some way.

█ The testimony of the witnesses Anderson and Childress to the effect that they saw applicant the date of the injury, one saying he saw him fall and the other saying he didn't see him fall but saw him getting up and said applicant told him he "bumped his knee" (not twisted his knee) doesn't alter the situation at all. The conflict is still there. In arriving at a determination of the question of whether applicant had suffered a personal injury by accident arising out of and in the course of his employment the commission had the right to not only consider the conflicts intrinsic in the evidence itself but also to consider the extrinsic circumstances of the case such as the failure of applicant to file a claim with the commission for compen-

sation until February 6, 1948, nearly four months after the alleged injury and the failure of applicant to call either of the three doctors whom he had consulted and had been treated by two of them either of whom should have ben able to shed considerable light on the question at issue. The commission apparently did take these matters into consideration in arriving at its decision.

Consistent with the unbroken line of decisions on this point we hold that we have no authority to disturb the findings and award of the commission when there is a conflict in the evidence. We can discern nothing indefinite in the findings of the commission. They are in the language of the statute and are therefore sufficient.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.