712 P.2d 429

**PEARCE DEVELOPMENT,**
Petitioner Employer,

**Mission Insurance Co.,**
Petitioner Carrier,

v.

**INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,**

**Rhonda McHardy, Respondent
Employee,**

**Pearce & Sons, Respondent Employer,**

**Industrial Indemnity,
Respondent Carrier,**

**Pearce & Sons, Respondent Employer,**

**Western Fire Ins. Co.,
Respondent Carrier.**

No. 18395-PR.

Supreme Court of Arizona,
In Banc.

Dec. 16, 1985.

John Day, Phoenix, for petitioners.

Dennis P. Kavanaugh, Chief Counsel, The Indus. Comm'n, Phoenix, for respondent.

Charles M. Wilmer, P.C. by Charles M. Wilmer, Phoenix, for respondent employee.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Larry Smith, Donald Cross, and Lisa Sommer, Phoenix, for respondent carrier.

Lewis and Roca by R. Kent Klein, Merton Marks, and Todd Lundmark, Phoenix, for respondents Pearce & Sons and Western Fire Ins. Co.

CAMERON, Justice.

We granted the petitions of Western Fire Insurance Company and Industrial Indemnity for review of the decision and opinion of the court of appeals, *Pearce v. Industrial Commission*, 147 Ariz. 598, 712 P.2d 445 (1985), which set aside an award granting reopening of the applicant's first claim and denying compensability of applicant's second claim. The facts of the case are set forth in the opinion of the court of appeals. We have jurisdiction pursuant to art 6, § 5(3) of the Arizona Constitution, A.R.S. § 12-120.24 and Rule 23, Ariz.R.Civ. App.P., 17A A.R.S.

We believe that the court of appeals' discussion of Arizona's law of successive injury as set out in *Dutton v. Industrial Commission*, 140 Ariz. 448, 682 P.2d 453 (App.1984), *Professional Furniture Service v. Industrial Commission*, 133 Ariz. 206, 650 P.2d 508 (App.1982), and *O'Donnell v. Industrial Commission*, 125 Ariz. 358, 609 P.2d 1058 (App.1979), is well-reasoned and thorough.

We do not, however, agree with the decision of the court of appeals as to the disposition of this case. The court of appeals noted that there was a conflict in the medical evidence stating:

Dr. Kaplan testified that the claimant's heavy work accelerated the degeneration. Such a work-related acceleration is an independently compensable injury. On the other hand, Dr. Moczynski testified that the disabling degeneration

would have occurred even if the claimant had not worked.

147 Ariz. at 604, 712 P.2d at 451. (citation omitted).

While correctly conceding that the administrative law judge and the commission have the sole duty to resolve conflicts in the evidence, the court of appeals stated:

> Unfortunately, in the present case the administrative law judge failed to resolve this conflict. Rather, he focused on the unanimous opinion that the claimant's work was injurious only because of the first injury. The findings therefore are inadequate for us to determine whether *O'Donnell* is distinguishable.

*Id.*

We do not agree. The administrative law judge's acceptance of Dr. Moczynski's testimony is implicit in the award. First, the administrative law judge specifically stated the rule that any conflicts in the evidence are to be resolved by the commission sitting as the trier of fact. Second, the administrative law judge considered the three successive-injury cases discussed by the court. Third, the administrative law judge found that the claimant's injury was not a new injury. The administrative law judge could not have reached the result he did unless he also had resolved the conflict in the medical evidence.

It would appear that what troubled the court of appeals was the failure of the administrative law judge to be more specific in his findings. This is not the first time the court of appeals has had this problem. In a previous case, the court of appeals in a memorandum decision set aside an award stating:

> The problem with the present case is that the administrative law judge did not rely on any of these alleged changes in claimant's condition in reopening the claim. There is no finding in the award in which the administrative law judge determined that a specific change in condition actually occurred. He notes only that the need to remove the right testicle was not brought to the claimant's attention prior to 1980 and concludes that

"such medically determined requirement [the surgery] arose after the prior reopening denial date thereby making it a new, additional or previously undiscovered disability from the October 3, 1977 incident of the injury." This is the only physical "condition" expressly relied on by the administrative law judge in reopening the claim.

*Bill Breck Dodge v. Industrial Commission*, 138 Ariz. 388, 391, 675 P.2d 275, 278 (1983).

In vacating that memorandum opinion, we stated:

> Although the administrative law judge could have been more helpful by specifically stating the basis for reopening, failure to do this was not fatal. The record supports the administrative law judge's ultimate finding that there was "medical evidence of additional disability." Workmen's compensation statutes are given a liberal interpretation in favor of the workman. *Pascucci v. Industrial Commission*, 126 Ariz. 442, 444, 616 P.2d 902, 904 (App.1980). Even though the wording of the award is not a model of clarity, the facts as gleaned from the record indicate, as noted above, a new or additional condition compared to the awards of 1977 and 1978. The administrative law judge's finding is indeed reasonably supported by the record.

*Id.*

The opinion of the court of appeals as it relates to the law of successive injury in Arizona is approved and adopted by this court. The decision setting aside the award of the industrial commission is vacated and the award of the commission is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.