770 P.2d 308

**Elwood C. POST, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Holsum Bakery, Respondent Employer,**

**Argonaut Insurance Company, Respondent Carrier.**

**No. CV–88–0191–PR.**

Supreme Court of Arizona.

Jan. 17, 1989.

Lawrence P. Nicholls, P.C. by Lawrence P. Nicholls, Phoenix, for petitioner.

Catherine A. Fuller, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Long & Lester, P.A. by Steven C. Lester, Phoenix, for respondent employer.

Long & Lester, P.A. by James B. Long, Phoenix, for respondent Carrier.

FELDMAN, Vice Chief Justice.

We granted review to examine the need for and degree of specificity in findings and awards required in workers' compensation cases. *See* Rule 23(c), Ariz.R.Civ.App.P., 17B A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3); A.R.S. §§ 12–120.24 and 23–948, and Rule 10, Ariz.R.P. Spec.Act., 17B A.R.S.

### FACTS

On June 3, 1982, Elwood C. Post (Post) suffered a work-related back injury at Holsum Bakery. Argonaut Insurance Company (Argonaut), the bakery's compensation carrier, acknowledged Post's injury as work-related and accepted his claim. Argonaut referred Post to James D. Alway, M.D., an orthopedic surgeon, in May 1984. Post continued treatment for his injury until February 7, 1985, when Dr. Alway, in a group consultation, found his condition stationary, though Post still suffered from dull low-back pain. Based on the medical examinations, Dr. Alway and the other evaluators found "no objective evidence of permanent impairment of function." Report of Southwest Disability Evaluation Center dated February 7, 1985, at 3. Relying on this evaluation, Argonaut terminated benefits by Notice of Claim Status on February 7, 1985.

Post requested an administrative hearing to challenge Argonaut's termination of benefits and retained counsel. Argonaut made a subsequent award and Post withdrew his Request for Hearing and signed a waiver of rehearing and appeal on November 6, 1985. *See Safeway Stores, Inc. v. Industrial Commission*, 152 Ariz. 42, 730 P.2d 219 (1986) (disputed issues in workers' compensation claims may be subject of settlement agreements until final award). Post continued treatment with Dr. Alway until July 1985.

In December 1985, Post's condition allegedly worsened because he was working longer hours and did not have sufficient time to rest his back. On December 24, 1985, Post reached forward in his car seat to turn on the headlights and felt his back "go out." This incident was not work-related. Post again came under Dr. Alway's care. Dr. Alway requested Argonaut to resume benefits, and on December 31, 1985, Post petitioned Argonaut to reopen his claim pursuant to A.R.S. § 23–1061(H). Argonaut denied reopening, and Post requested a hearing.

At the hearing on July 9, 1986, the administrative law judge heard testimony from Dr. Alway and Dr. William P. O'Neill. The judge made no factual findings of consequence, resolved no conflicts in the evidence, and set forth no conclusions applying law to fact. Instead, after quoting some testimony and citing general principles of workers' compensation law, he simply set forth the ultimate legal conclusion; he stated that the evidence failed to establish the new, additional, or undiscovered condition necessary for reopening Post's claim. Decision Upon Hearing and Findings Denying Reopening, September 24, 1986. Post requested administrative review of this award under A.R.S. §§ 23–942(D) and 23–943(A) and (B), but the presiding judge affirmed on November 24, 1986.

Post then filed a special action with the court of appeals under Rule 10, Ariz.R.P. Spec.Act., 17B A.R.S., arguing that the court should set aside the award denying

reopening because it was so unspecific that an appellate court could not review it and must, therefore, set it aside. Alternatively, he argued that even if the court could review the award, the evidence did not support it. Argonaut countered that the evidence, notably portions of Dr. O'Neill's testimony, supported the award. The court of appeals affirmed the award. *Post v. Industrial Commission,* No. 1 CA–IC 3683 (Ariz.Ct.App. Jan. 21, 1988) (memorandum decision).

## DISCUSSION

■ Under A.R.S. § 23–1061(H),[1] a claimant may reopen his claim and obtain additional benefits when he demonstrates that his previous work-related injury was a cause of a new, additional, or previously undiscovered physical condition.[2] *Stainless Specialty Manufacturing Co. v. Industrial Commission,* 144 Ariz. 12, 695 P.2d 261 (1985). This essentially requires the judge to decide first whether there was a new condition and second whether the original work-related accident was a cause of the new condition. *Id.*

The judge here did not specifically find on either issue. He merely stated the ultimate conclusion that the evidence did not establish that Post had a new condition under the requirements of *Blickenstaff v. Industrial Commission,* 116 Ariz. 335, 569 P.2d 277 (Ct.App.1977), and *Elliott v. Industrial Commission,* 4 Ariz. App. 181, 418 P.2d 611 (1966).

Those cases involve situations where the claimant failed to establish a *prima facie* case. The situation here is quite different. Post produced ample evidence on both rele-

vant issues to support the reopening of his claim. Therefore, the award could mean either of two things: that the judge found that Post had no new condition, or that he found that Post had a new condition but it was not related to his original work-related injury.

### A. New Condition

On the issue of whether Post had a new condition, Dr. Alway, the treating doctor, testified on Post's behalf. His June 1986 examination of Post showed more restriction of motion, other physical findings, and a generally worsened condition from the February 1985 evaluation, the date when Argonaut terminated benefits. Dr. O'Neill, on the other hand, testified that his July 1986 examination of Post revealed no substantial difference from what he thought the 1985 group evaluation report described. He further stated that Post's original work-related injury was stationary. Dr. O'Neill did not disagree with Dr. Alway's findings—only his conclusions. Presumably, then, Dr. O'Neill found physical symptomatology not present in February 1985. Interpreting Dr. O'Neill's and Dr. Alway's testimony, Argonaut intimates that Post's current problems resulted from "degenerative changes" and are not a new condition. Respondent's Brief at 10–11. We assume this is possible, but the judge made no such finding and failed to resolve the conflict in the medical testimony or the inferences from it. The complete lack of findings would require us to review the record, resolve the conflicts in the testimony, draw one of the conflicting inferences, reach one of two ultimate conclusions, as-

---

1. A.R.S. § 23–1061(H) provides:
   An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition, which petition shall be accompanied by a statement from a physician setting forth the physical condition of the employee relating to the claim. The payment for such reasonable and necessary medical, hospital and laboratory work expense shall be paid for by the employer or the employer's insurance carrier if the claim is

reopened as provided by law and if such expenses are incurred within fifteen days of the filing of the petition to reopen. No surgical benefits or monetary compensation shall be payable for any period prior to the date of filing of the petition to reopen.

2. Post does not claim any previously undiscovered condition. Essentially, he claims an aggravation or exacerbation of his previous injury. Without attempting to deal with the semantics of whether his condition is precisely new, additional, or previously undiscovered, hereafter we refer to it as a "new" condition.

sume that the judge decided the case on the new condition issue, and determine if we could support this result. This is not our role as an appellate court.

## B. Causation

The judge made no findings at all on causation. Dr. Alway related Post's current condition to the original work-related injury, even though the non-industrial event precipitated the exacerbation. From the record, Dr. O'Neill appears to disagree with Dr. Alway's conclusions. On causation, however, the judge must find for the claimant unless the claimant's activities producing the subsequent injury were unreasonable. *O'Donnell v. Industrial Commission*, 125 Ariz. 358, 361, 609 P.2d 1058, 1061 (Ct.App.1980). Here, we cannot even presume whether the judge found that Post acted unreasonably. Nor can we tell whether the judge found that the current condition, though different from February 1985, resulted from natural degeneration, the December 1985 event, or both—all of which Argonaut argued.

The court of appeals recognized that the judge's findings and disposition do not mention causation and that the award did not resolve the questions regarding this issue. *Post*, memo. decision at 8–9. However, the court independently determined that "Dr. O'Neill's testimony supports *the conclusion* [not necessarily the judge's conclusion] that the claimant's present condition is not causally related to the previous industrial injury, that Dr. Alway's opinion as to root irritation is incorrect, and that the claimant's present complaints can be explained by the car incident [of December 1985]." *Id.* at 13 (emphasis added). Although some evidence[3] may support the majority's statement, the judge did not mention the issue or the evidence on it. Nor did he make any finding on causation. We are unwilling to speculate that the judge made "the conclusion" that no causal relationship existed.

## C. The Need for Findings

We do not believe judicial review is possible on this record. We must refrain from taking the factfinder's role, especially in industrial commission cases. *Bragg v. Industrial Commission*, 71 Ariz. 37, 223 P.2d 180 (1950). To prevent appellate courts from having to assume a factfinder role, an administrative law judge must find on all the case's material issues. *Sproul v. Industrial Commission*, 91 Ariz. 128, 134, 370 P.2d 279, 285 (1962); *Foster v. Industrial Commission*, 46 Ariz. 90, 92, 47 P.2d 428, 429 (1935). *See Villanueva v. Industrial Commission*, 148 Ariz. 285, 288–89, 714 P.2d 455, 458–59 (Ct.App.1985); *Garcia v. Industrial Commission*, 26 Ariz.App. 313, 315, 548 P.2d 26, 28 (1976) (review denied) (court set aside award because judge failed to explain disposal of testimony in deciding to deny benefits). Although lack of findings on a particular issue does not invalidate an award per se, we will vacate a judge's award if we cannot determine the factual basis of his conclusion or whether it was legally sound. *See Cavco Industries v. Industrial Commission*, 129 Ariz. 429, 435, 631 P.2d 1087, 1093 (1981). Here, we have no way of evaluating the basis of the judge's award and consequently cannot determine the factual support for, or the legal propriety of, his conclusion.

On both questions, whether Post had a new condition and, if so, whether it related to his original work-related injury, Arizona law required the judge to resolve the conflicting testimony. General administrative procedure law requires that any final decision of an administrative law judge include findings of fact and conclusions of law. A.R.S. § 41–1011. The judge must separately state the findings and conclusions, and the findings *"shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings"* (emphasis added). *Id.*[4] Here, the

---

3. We note Judge Corcoran's dissent in the court of appeals and his recognition that Dr. O'Neill's testimony against Post on the causation issue was speculative. *Post*, memo. decision at 14.

4. As of 1987, A.R.S. § 41–1011 is numbered A.R.S. § 41–1063. *See also* the general definitional statute, A.R.S. § 41–1001, which states that chapter 41 applies to a commission:

judge merely recited several factual disputes in the testimony. Not only did he not make a "concise and explicit statement," he made no findings at all. The ultimate finding, that the judge "[c]onsider[ed] the evidence in its entirety," falls far short of the type of dispute resolution the statute requires for administrative decisions and orders.

Our caselaw also requires specificity in the judge's resolution of the conflicting testimony. In *Perry v. Industrial Commission*, 112 Ariz. 397, 398, 542 P.2d 1096, 1097 (1975), we stated that the judge must resolve all conflicts in the evidence, especially when the conflicts involve expert medical testimony. *Phelps Dodge Corporation v. Industrial Commission*, 121 Ariz. 75, 77, 588 P.2d 368, 370 (Ct.App. 1978) ("where there is a conflict in the medical testimony, it is the responsibility of the hearing officer to resolve it"). Thus, the judge had a duty to resolve the conflicting testimony of Drs. Alway and O'Neill. The judge may actually have done this, but we have no way of knowing it.

We distinguish this case from *Pearce Development v. Industrial Commission*, 147 Ariz. 582, 712 P.2d 429 (1985), on which the court of appeals relied. *Post*, memo. decision at 9. There, the judge's failure to state specifically his basis for reopening a worker's claim was not fatal. The judge had at least drawn conclusions on the legal issues so that we could determine from the record whether the evidence supported his conclusions. We assumed that the judge must have reached the obvious factual findings necessary to make the stated legal conclusions, and in doing so resolved any conflicts in the evidence. *Pearce*, 147 Ariz. at 583, 712 P.2d at 430.

In the present case, however, we are unable to perform the type of judicial review that workers' compensation cases require. Normally, we review the record, searching for support for the award, regardless of whether it grants or denies benefits. *University of Arizona v. Industrial Commission*, 136 Ariz. 365, 666 P.2d 465 (1983); *Salt River Project v. Industrial Commission*, 128 Ariz. 541, 627 P.2d 692 (1981). If we were to approve the award here, however, with no stated resolution of conflicting testimony, no findings of ultimate fact, and no conclusions on the legal issues, there would be no purpose in requiring judges to make findings.

We note an additional consideration. Because no statutory provision exists for award of present compensation for future problems in workers' compensation cases, the law provides for reopening as an exception to the ordinary rules of *res judicata*. *Stainless*, 144 Ariz. at 18–19, 695 P.2d at 267–68. It is important for the parties and the entire system that each finding and award be specific enough so that in any future reopening procedure the claimant and the carrier will have a basis to determine whether a new, additional, or previously undiscovered condition is causally related to the accident. The award here, consisting mostly of boilerplate legal principles, tells us nothing as to what the judge found factually or concluded legally and provides no basis for future determinations on reopening. In the future, administrative law judges should explicitly state their resolution of conflicting evidence on material and important issues, find the ultimate facts, and set forth their application of law to those facts. We do not require any particular form, nor even great detail.

"Agency" means a board, commission, department, officer or other administrative unit of this state, including the agency head and one or more members of the agency head or agency employees or other persons directly or indirectly purporting to act on behalf or under the authority of the agency head, whether created under the constitution of Arizona or by enactment of the legislature. Agency does not include the legislature, the courts or the governor. Agency does not include a political subdivision of this state or any of the adminis-

trative units of a political subdivision, but it does include a board, commission, department, officer or other administrative unit created or appointed by joint or concerted action of an agency and one or more political subdivisions of this state or any of their units. To the extent it purports to exercise authority subject to this chapter, an administrative unit otherwise qualifying as an agency must be treated as a separate agency even if the unit is located within or subordinate to another agency.

However, we must know how the judge reached his or her conclusion.

We hold that the Decision Upon Award and Findings Denying Reopening is so lacking in specificity that we cannot review it. Consequently, we vacate the court of appeals' decision and set aside the award.

GORDON, C.J., and CAMERON and MOELLER, JJ., concur.

HOLOHAN, J., retired before the decision of this case; CORCORAN, J., did not participate in the determination of this case.