NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

SAMUEL ENRIQUEZ, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CARDENAS MARKETS dba LOS ALTOS RANCH MARKETS, *Respondent Employer*,

EASTGUARD INSURANCE COMPANY, *Respondent Carrier*,

SPECIAL FUND DIVISION, *Respondent Party-in-Interest*.

No. 1 CA-IC 24-0015
FILED 12-17-2024

---

Special Action - Industrial Commission
ICA Claim No. 20182150122
Carrier Claim No. LOWC874491-040
The Honorable Kenneth J. Hill, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Joel F. Friedman, PLLC, Phoenix
By Joel F. Friedman
*Counsel for Petitioner*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Quintairos, Prieto, Wood & Boyer, P.A., Scottsdale
By Cody N. Crosier
*Counsel for Respondents Employer and Insurance Carrier*

Industrial Commission of Arizona – Legal Division, Phoenix
By Scott J. Cooley
*Counsel for Respondent Party-in-Interest*

_____

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

_____

**B A I L E Y**, Judge:

¶1        Samuel Enriquez seeks to set aside an Industrial Commission of Arizona ("ICA") award and decision upon review concluding that he has no loss of earning capacity ("LEC") stemming from a permanent impairment he suffered while working for Respondent Cardenas Markets dba Los Altos Ranch Markets ("Los Altos").   He contends the Administrative Law Judge ("ALJ") erred by (1) finding his testimony not credible, (2) making inadequate findings, and (3) giving more weight to Respondents' medical experts than to his.  We reject these contentions and affirm the award and decision upon review.

## FACTS AND PROCEDURAL HISTORY

¶2        Enriquez suffered two industrial injuries while working as a butcher and cook for different employers in 2018.  The first injury occurred in February and resulted in a 1% permanent impairment to his right major hand (index finger).  The second injury occurred in June when he slipped and fell while working for Los Altos, suffering an ankle injury.  After

2

treatment that included multiple surgeries, he was rated with a 5% permanent impairment of his left lower extremity (ankle). In December 2021, the ICA Claims Department issued an award for permanent partial disability, but found he had no LEC because he had no medical restrictions that would preclude him from doing the same or a similar job. Enriquez timely protested that award.[1]

¶3        The ICA conducted a hearing, at which the ALJ heard videoconference or telephonic testimony from multiple witnesses, including Enriquez. We view that evidence in the light most favorable to supporting the award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

¶4        Enriquez testified and provided documentary evidence that he worked off-and-on, part-time, as a butcher and cook for different employers after the ankle injury. He testified he could not remain at those jobs for long because of his injuries. The ALJ found his testimony generally not credible, however.

¶5        Enriquez presented medical expert testimony through Dr. Paul Ledesma, a podiatric surgeon who treated Enriquez's left ankle in 2019 after another surgeon had performed a repair surgery. Dr. Ledesma also saw Enriquez a few times in 2020 after the claim had been closed, and again in December 2021. Dr. Ledesma reviewed other medical records related to Enriquez's ankle injury, including MRIs, and testified that the work fall caused Enriquez's left ankle injury and necessitated work restrictions at that time. Those restrictions included not standing or walking for extended periods and no heavy lifting. Dr. Ledesma also testified that Enriquez could not work "on his feet for over eight hours a day at a job as he was [doing] prior to this accident." And although he had seen surveillance videos of Enriquez mowing his lawn and shopping in a supermarket, those videos did not change his opinion. Dr. Ledesma was also aware of an incident in December 2021 in which Enriquez hurt his left ankle when a car bumped it. Dr. Ledesma reviewed a subsequent MRI and did not believe the incident caused any new injury. He released Enriquez to work with no restrictions by early January 2022. Finally, Dr. Ledesma stated that he did not know whether Enriquez's current ankle problems were related to the work injury or the December 2021 incident.

---

[1] Once the Claims Department's LEC award is challenged, its findings are "of no evidentiary value." *Le Duc v. Indus. Comm'n*, 116 Ariz. 95, 98 (App. 1977).

¶6        Dr. Jon Zoltan, an orthopedic surgeon, performed an independent medical examination ("IME"), reviewed Enriquez's medical records, and watched the 2019 surveillance video. Dr. Zoltan concluded the ankle injury had resolved by March 2020 and no additional treatment was needed. He rated Enriquez with a permanent impairment of 5% to the left lower extremity, did not recommend any work restrictions, and opined that Enriquez could return to the job he had been doing when he was injured.

¶7        The parties also submitted labor market expert opinions for their respective positions. Enriquez's labor market expert based his conclusions on Dr. Ledesma's work restrictions and opined that Enriquez had incurred an LEC. Respondents Los Altos and Hartford's labor market expert based her conclusions on Dr. Zoltan's opinion that no work restrictions were needed, concluding that Enriquez could return to the job he had before the injury.

¶8        The ALJ issued an award summarizing the evidence and testimony, finding that Enriquez's testimony was not credible, and giving Dr. Zoltan's opinion greater weight than Dr. Ledesma's. The ALJ concluded no permanent work restrictions were attributable to the industrial injury and, therefore, Enriquez had no LEC.

¶9        Enriquez requested an administrative review of the award, arguing that the ALJ erred by (1) finding him not credible, (2) giving more weight to Dr. Zoltan's opinion than Dr. Ledesma's, and (3) finding no LEC. The ALJ affirmed the award in its decision upon review.

¶10        Enriquez timely petitioned this court for review, and we have jurisdiction over this statutory special action. *See* Ariz. Rev. Stat. ("A.R.S.") § 23-951(A); Ariz. R.P. Spec. Act. 10.

**DISCUSSION**

¶11        When reviewing an ICA award, we defer to the ALJ's factual findings but review legal questions *de novo. Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). The ALJ must resolve conflicting evidence and "determine which of the conflicting testimony is more probably correct," an essential duty when experts give incompatible testimony. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975). We will not disturb the ALJ's resolution unless it is wholly unreasonable. *Royal Globe Ins. Co. v. Indus. Comm'n*, 20 Ariz. App. 432, 434 (1973). Therefore, to prevail on appeal, Enriquez must show that no substantial record evidence supports the ALJ's findings and that the ALJ's credibility determinations were wholly unreasonable. He has not done this.

¶12        Enriquez argues the ALJ's findings lack specificity, especially concerning the finding that his testimony was not credible. Although the ALJ could have been more specific about which parts of the testimony were not credible, the general statement that Enriquez's testimony was not credible does not by itself warrant setting aside the award. Findings of fact need only be sufficient to examine "'the factual support for, or the legal propriety of' the award." *Aguirre v. Indus. Comm'n*, 247 Ariz. 75, 77, ¶ 12 (2019) (quoting *Post v. Indus. Comm'n*, 160 Ariz. 4, 7 (1989)). The findings and conclusions here are sufficient.

¶13        Enriquez also contends the ALJ erred in making a credibility determination based on a videoconference format for taking testimony. But Enriquez objected to the videoconference format for the first time in his request for review. Had he timely objected, the ALJ could have considered other options for taking his testimony.[2] Moreover, an ALJ may conduct a hearing in any manner that achieves substantial justice. *See* A.R.S. § 23-941(F). We conclude the ALJ properly conducted this hearing.

¶14        The ALJ's determination that Enriquez has no LEC or permanent work restrictions is supported by evidence in the record, including Dr. Zoltan's expert opinion. We will not disturb an ALJ's resolution of a conflict in expert opinion if that resolution is supported by evidence and is reasonable. *See Waller v. Indus. Comm'n*, 99 Ariz. 15, 18 (1965). Much of Enriquez's argument on appeal is about the weight that should be given to Dr. Ledesma's opinion. This court does not re-weigh evidence. *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 608, ¶ 21 (App. 2000). Where there is conflict in the evidence or where different inferences may be drawn from the evidence, the ALJ may resolve those conflicts and choose either inference; a reviewing court will not disturb that choice unless it is wholly unreasonable. *Id.* at 609, ¶ 25; *Waller*, 99 Ariz. at 18.

---

[2] Enriquez asks us to take judicial notice that an ALJ viewing a witness appearing through videoconferencing—Google Meet in particular—cannot see a "full body view." This is not an appropriate item for judicial notice. *Cf. Utah Constr. Co. v. Berg*, 68 Ariz. 285, 291 (1949) ("Before a court . . . can take judicial notice of a fact, the basic requirement must be met, to-wit: A fact to be judicially noticed must be certain and indisputable, requiring no proof, and no evidence may be received to refute it.").

## CONCLUSION

¶15  We affirm the award and decision upon review.



AMY M. WOOD • Clerk of the Court
FILED:  jr