484 P.2d 664

Thomas L. WILLIAMS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

J. & H. Deburring Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 539.

Court of Appeals of Arizona, Division 1, Department A.

May 11, 1971.

**512**

Evans & Kunz, Ltd., by Michael W. Wright, Phoenix, for petitioner.

William C. Wahl, Jr., Phoenix, for respondent, The Industrial Commission.

Robert K. Park, Chief Counsel, by R. Kent Klein, Phoenix, for respondent carrier, State Compensation Fund.

CASE, Judge.

The petitioner questions the lawfulness of an award and findings of The Industrial Commission issued on 28 July 1970, upholding an award for non-compensable claim issued by the hearing officer on 17 June 1970.

The petitioner alleged that he suffered a back injury arising out of and in the course of his employment on 2 May 1969. The petitioner had been employed by the defendant employer for approximately two weeks at the time of the alleged injury. He had previously had three back surgeries, the last of which was a spinal fusion performed only a matter of months prior to this employment. There were no witnesses to the accident. The petitioner testified that he had told a friend about the accident immediately after its happening, but the friend was not called to testify, nor does any statement from him appear in the file.

This case was decided under the statutes as they were revised effective January 1, 1969. One major effect of this revision of A.R.S. § 23–941, 23–942 and 23–943, was to put greater responsibility upon the hearing officer, who, under the revision, now issues an award subject to review by the Commission. The import of the hearing officer's award is that he concluded that the petitioner had failed to sustain his burden of proving an accident arising out of and in the course and scope of his employment. In reaching this conclusion, the hearing officer pointed out many inconsistencies presented by the evidence. Among these was the fact that the petitioner had given his doctor a history of having lifted a 100 pound box of parts, thus precipitating the accident. On cross-examination, petitioner was unable to give any details about the shape, size, or construction of the box of parts. Refuting this, the employer testified that following petitioner's complaint of an accident he and his foreman had weighed the two boxes of parts

on which petitioner had been working. One box weighed 16 pounds, the other box weighed 22. The boxes were described as discarded beverage cartons 15 inches by 10 inches by 4 inches. The doctor who testified relied primarily upon the petitioner's recitation of history, including the 100 pound weight of the box; and upon subjective tests of petitioner's mobility, in concluding petitioner suffered a back strain. When cross-examined, he testified that he was unable to state within a reasonable degree of probability whether the findings upon his examination were the result of a new episode or were by reason of the pre-existing condition. The hearing officer found the testimony of the doctor to be equivocal as to causal relationship. Bedwell v. Industrial Commission of Arizona, 104 Ariz. 443, 454 P.2d 985 (1969). The owner's son-in-law, Mr. Odom, who was the shop foreman, testified that on the day the petitioner was alleged to have been injured, he saw him at Danny's Bar between the hours of 6:30 P.M. when Mr. Odom arrived and 9:30 to 10:00 P.M., when Mr. Odom left, and observed the petitioner shooting pool with no apparent discomfort. This witness remained unimpeached.

The award issued by the hearing officer was reviewed and affirmed by the Industrial Commission. The Supreme Court has stated that where there is a conflict in testimony which is in any part dependent upon a claimant's credibility, the Industrial Commission as trier of fact is at liberty to choose what it believes. Sanchez v. Industrial Commission, 96 Ariz. 19, 391 P.2d 579 (1964).

It is the opinion of the Court that the evidence before the hearing officer, and before the Industrial Commission, is such that the award is reasonably supported by the evidence.

The award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.