SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| DOUGLAS AUTO & EQUIPMENT, | ) | Arizona Supreme Court |
| | ) | No. CV-01-0239-PR |
| Petitioner Employer, | ) | |
| | ) | Court of Appeals |
| | ) | Division Two |
| | ) | No. 2 CA-IC 00-0053 |
| STATE COMPENSATION FUND, | ) | |
| | ) | Industrial Commission |
| Petitioner Insurer, | ) | of Arizona |
| | ) | No. 20000-310435 |
| v. | ) | Insurer No. 00-01472 |
| | ) | |
| THE INDUSTRIAL COMMISSION OF | ) | |
| ARIZONA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| CARLOS ZAZUETA, | ) | **O P I N I O N** |
| | ) | |
| Respondent Employee. | ) | |
| | ) | |
| _____ | ) | |

Industrial Commission of Arizona
The Honorable LuAnn Haley, Administrative Law Judge
AWARD AFFIRMED

_____

Opinion of the Court of Appeals
Division Two
200 Ariz. 37, 21 P.3d 855 (App. 2001)
VACATED

_____


State Compensation Fund
James F. Crane, Chief Counsel                                    Phoenix
By   Robert A. Schuler                                            Tucson
Attorneys for State Compensation Fund
 and Douglas Auto & Equipment

The Industrial Commission of Arizona
Anita R. Valainis, Chief Counsel                                 Phoenix

Les Gilbertson                                                    Tucson
Attorney for Carlos Zazueta
_____

M c G R E G O R, Vice Chief Justice

**I.**

¶1        Douglas Auto & Equipment (Douglas Auto) employed Carlos Zazueta as a mechanic.  On Wednesday, January 19, 2000, Zazueta slipped on some oil and twisted his left knee.  Zazueta worked all of Wednesday, as well as Thursday and Friday.  After taking two scheduled days off and missing work on Monday, Zazueta reported the knee injury to his employer on Tuesday, January 25, 2000.  Douglas Auto sent Zazueta for medical care that day and immediately began its investigation of the injury.  On April 5, 2000, a physician diagnosed Zazueta's knee injury as a torn medial meniscus.  On May 15, 2000, Zazueta underwent surgery to repair his knee injury.

¶2        When Zazueta sought workers' compensation benefits, Douglas Auto argued that Zazueta's failure to forthwith report his injury, as required by Arizona Revised Statutes (A.R.S.) section 23-908.D, made him ineligible for benefits.  After concluding that Zazueta had complied with the statute, an administrative law judge awarded compensation.  Douglas Auto requested administrative review, arguing that the judge had not considered whether the delay in reporting prejudiced Douglas Auto.  On review, the administrative law judge found no prejudice and affirmed the award.

¶3        Douglas Auto filed a statutory special action in the

court of appeals.  The court concluded that the administrative law judge's findings lacked the specificity required by *Post v. Indus. Comm'n*, 160 Ariz. 4, 770 P.2d 308 (1989), and set aside the award.

¶4      We granted review to determine whether the administrative law judge's findings were sufficient to justify excusing Zazueta from complying with the forthwith reporting requirement of A.R.S. section 23-908.D.  We exercise jurisdiction pursuant to Arizona Constitution Article VI, Section 5.3 and Arizona Rules of Procedure for Special Actions 8(b).

## II.

¶5      To be eligible for workers' compensation benefits, an employee who is injured on the job must "forthwith report the accident and the injury resulting therefrom to [his] employer." A.R.S. § 23-908.D.  This reporting requirement prevents prejudice to an employer in two ways.  First, a prompt report of injury allows an employer to ensure that the injured employee receives early medical treatment, which prevents aggravation of the injury. *Thompson v. Indus. Comm'n*, 160 Ariz. 263, 266, 772 P.2d 1116, 1119 (1989)(quoting 3 A. Larson, *The Law of Workmen's Compensation* § 78.20 (1988)).  Second, timely notice affords the employer an opportunity to investigate the accident close in time to its occurrence.  *Id.*

¶6      Section 23-908, however, also allows the Commission to excuse an employee's failure to forthwith report his injury:

3

> The commission may relieve the injured person . . . from the loss or forfeiture of compensation if it believes after investigation that the circumstances attending the failure . . . to report the accident and injury are such as to have excused them.

A.R.S. § 23-908.E.

¶7      We have recognized at least two instances in which the Commission may excuse non-compliance with section 23-908.D:    1) when the employee "had no way of knowing either that the injury had occurred or that the injury was causally related to employment;" or 2) when the employer has not been prejudiced by the employee's lack of diligence in reporting the injury.  *Pacific Fruit Express v. Indus. Comm'n*, 153 Ariz. 210, 217, 735 P.2d 820, 827 (1987)(supp. op.); *Magma Copper Co. v. Indus. Comm'n*, 139 Ariz. 38, 43-44, 676 P.2d 1096, 1101-02 (1983).[1]

¶8      In this case, the administrative law judge expressly found that Zazueta's non-compliance with section 23-908 could be excused both because he did not know a compensable injury had occurred before the time he reported the injury and because Douglas Auto suffered no prejudice from the reporting delay.  We conclude that the judge's findings underlying these conclusions, while not as detailed as we would prefer, meet the requirements of *Post.*

---

[1]      The burden of proving an excuse rests with the injured employee, who must do so by a preponderance of the evidence. *Pacific Fruit*, 153 Ariz. at 216, 135 P.2d at 826.

4

¶9     To excuse a claimant's failure to timely report an injury, the administrative law judge must make findings that support the excuse:

> [A]dministrative law judges should explicitly state their resolution of conflicting evidence on material and important issues, find the ultimate facts, and set forth their application of law to those facts.

*Post*, 160 Ariz. at 8, 770 P.2d at 312.  The findings must be specific, not only to encourage judges to consider their conclusions carefully, but also to permit meaningful judicial review. *Miller v. Bd. of Supervisors*, 175 Ariz. 296, 299, 855 P.2d 1357, 1360 (1993); *Shelby Sch. v. Arizona State Bd. of Educ.*, 192 Ariz. 156, 163 ¶ 24, 962 P.2d 230, 237 ¶ 24 (App. 1998).  Although findings need not be exhaustive, they cannot simply state conclusions.   Judges must make factual findings that are sufficiently comprehensive and explicit for a reviewing court to glean the basis for the judge's conclusions. *Post*, 160 Ariz. at 8, 770 P.2d at 312; *Shelby Sch.*, 192 Ariz. at 163 ¶ 22, 962 P.2d at 237 ¶ 22.

¶10     The administrative law judge's findings adequately support her decision to excuse Zazueta from complying with the prompt reporting requirements of section 23-908.  An employee need not report every bruise or scrape to his employer.  Rather, an employee must report an injury only when, with the exercise of

5

reasonable care, he should have known that he suffered a compensable injury. *See Pacific Fruit*, 153 Ariz. at 213-14, 735 P.2d at 823-24; *English v. Indus. Comm'n*, 73 Ariz. 86, 91, 237 P.2d 815, 818 (1951) (discussing when the right to workers' compensation accrues); *Hartford Accident & Indem. Co.* v. *Indus. Comm'n*, 43 Ariz. 50, 55-56, 29 P.2d 142, 144 (1934) ("[I]f [the injury] is slight or trivial at the time and noncompensable and later on develops unexpected results . . . the statute runs, not from the date of the accident, but from the date the results of the injury become manifest and compensable.").

¶11　　The administrative law judge expressly found not only that Zazueta testified credibly and that all conflicts in testimony would be resolved in his favor, but also that he "credibly testified he delayed reporting the injury with the hope that it would heal on its own." *Zazueta v. Douglas Auto & Equip.*, No. 20000-310435, Decision upon Hr'g at finding 14 (Aug. 16, 2000). That finding, which in essence means that Zazueta had "no way of knowing . . . that [a compensable] injury had occurred," provides sufficient basis for excusing him from complying with section 23-908.D. *Pacific Fruit*, 153 Ariz. at 217, 735 P.2d at 827.

¶12　　The findings also support the alternative ground for excusing non-compliance by providing an adequate basis for the judge's conclusion that "the totality of the evidence established that the employer was not prejudiced by the 6 day delay." *Zazueta*

6

*v. Douglas Auto & Equip., No. 20000-310435, Decision upon Review at finding 2 (Sept. 21, 2000).* We note initially that, while the number of days between injury and the employee's report of the injury is not decisive, the fact that a short period of time lapses, as occurred in this instance, makes prejudice to the employer less likely. The judge found that Douglas Auto investigated the accident immediately after Zazueta's report. Douglas Auto has not suggested that the six-day reporting delay hampered its investigation, and other facts found by the judge provide some indication why no prejudice resulted. Because no one other than Zazueta witnessed the accident, the passage of time could not have resulted in the loss of relevant memories.[2] The findings also show that the reporting delay did not aggravate Zazueta's injury. Although Douglas Auto sent Zazueta to a physician the day he reported the knee injury, Zazueta did not undergo surgery to repair the medial meniscus tear until more than four months later. The fact that months elapsed between Zazueta's initial physician's visit and his eventual surgery certainly undermines any suggestion that a six-day delay aggravated the injury.

¶13    Although the decision upon review did not expressly combine the finding that Douglas Auto experienced no prejudice with the facts supporting that conclusion, this lack of clarity does not

---

[2]    In addition, although the reports of some co-workers varied from Zazueta's statements, the administrative law judge expressly adopted Zazueta's version of events as the most credible.

automatically defeat the award.  The original factual findings were sufficiently specific to support the no prejudice finding.

**IV.**

¶**14**     For the foregoing reasons, we vacate the opinion of the Court of Appeals and affirm the award.


_____
Ruth V. McGregor, Vice Chief Justice


CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Stanley G. Feldman, Justice


_____
Thomas A. Zlaket, Justice