NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GABRIEL BACA,
*Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent*,

ALL QUALITY LABOR, INC.,
*Respondent Employer*,

COPPERPOINT NATIONAL INSURANCE COMPANY,
*Respondent Carrier*.

No. 1 CA-IC 17-0048
FILED 5-3-2018

Special Action - Industrial Commission
ICA No.  20161-680326
INSCA No. 16N00387
The Honorable Paula R. Eaton, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Snow, Carpio & Weekley, PLC, Phoenix
By Erica Rose Gonzalez-Melendez
*Counsel for Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent ICA*

CopperPoint National Insurance Company, Phoenix
By Deborah E. Mittelman
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

**¶1**        Gabriel Baca appeals the award and decision upon review of the Industrial Commission of Arizona, arguing the Commission erred in denying his claim for benefits based on its finding that he was not credible. For the following reasons, we affirm the award.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        It is undisputed that Baca suffered a biceps tendon rupture, an injury that typically causes the biceps muscle to spasm and ball up. There was inconsistent evidence, however, regarding when the injury occurred, and the issue in this statutory special action is whether the evidence supported a finding that Baca did not suffer the injury while on the job for All Quality Labor, a temporary labor company.

**¶3**        At the hearing on Baca's appeal from the denial of his claim for worker's compensation benefits, Baca testified he was injured on May 16, 2016, the first and only day he worked for All Quality that year. According to Baca, as he and another man lifted a compressor onto a pallet, Baca felt a pop and pain in his left biceps, and the muscle balled up into a lump. Baca testified he showed the other man what had happened but continued to work the rest of the day, using only his right arm and with the other man taking the bulk of the load when they lifted items. Baca acknowledged he had earlier signed a company checklist requiring employees to immediately report any injury or accident. He testified he did not tell anyone at All Quality about his injury, however, because he thought

2

his job assignment would be ongoing and believed the injury was just a pulled muscle and might resolve on its own.

¶4        According to Baca, when the injury had not improved by May 23 (a week after the day he worked for All Quality), he went to an emergency room for treatment.  Records from the emergency room state that he reported the injury had occurred two and a half weeks before.  A doctor at the emergency room diagnosed him with a biceps tendon injury and referred him to another doctor for a follow-up examination.

¶5        Baca acknowledged he delayed in reporting his injury to All Quality.  He testified that after going to the emergency room, he stopped at All Quality to pick up a check for his fiancée, who also worked there, and that he inadvertently left his emergency room paperwork on the counter at All Quality.  It was not until he telephoned All Quality later that day to ask if his paperwork had been found that he first mentioned the injury to the company.

¶6        Baca was treated by Dr. Evan Lederman beginning on June 27.  Lederman's records state that Baca sustained his injury on the job on May 16, but Lederman testified he had not seen the emergency room report, and that all he knew about the precise date of the injury was what Baca had told him.  Lederman noted that the balling of the biceps muscle can happen immediately upon injury, or in some cases, the balling will be delayed until the person tries to use the arm again later.  Lederman further noted that a delay in seeking treatment for the injury is not necessarily unusual, and that some people can be fairly functional with the injury.

¶7        In denying Baca's appeal, the Administrative Law Judge ("ALJ") recounted the testimony of Baca, Lederman and All Quality's owner, and concluded:

> Upon a review of the totality of the evidence, I find the applicant not credible.  I find the testimony of Dr. Lederman [as to the date of the injury] to lack proper foundation for his medical opinion based upon the applicant's lack of credibility. . . .  I further find, based upon the applicant's lack of credibility, that he sustained no industrial injury as a result of his work activities on May 16, 2016.

On review, the ALJ summarily affirmed the award as "fully supported by the evidence."  Baca timely petitioned for special action relief.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") sections 23-951(A) (2018) and 12-

120.21(A)(2) (2018), and Rule 10 of the Arizona Rules of Procedure for Special Actions.[1]

## DISCUSSION

**¶8**        We review the Commission's decision for abuse of discretion. *See Martens v. Indus. Comm'n*, 211 Ariz. 319, 322, ¶ 16 (App. 2005). "[W]e consider the evidence in the light most favorable to upholding the award," *PF Chang's v. Indus. Comm'n*, 216 Ariz. 344, 347, ¶ 13 (App. 2007), and "will not disturb an ALJ's findings of fact so long as [they are] substantiated by competent evidence," *City of Tucson v. Indus. Comm'n*, 236 Ariz. 52, 55, ¶ 6 (App. 2014). We will affirm even if we "would reach a different conclusion if sitting as the triers of fact." *Perry v. Indus. Comm'n*, 112 Ariz. 397, 399 (1975).

**¶9**        Baca argues the ALJ's finding that he was not credible was not supported by the "overwhelming weight" of evidence and contends that the Commission's award must therefore be reversed. We do not reweigh evidence, however. *Jaramillo v. Indus. Comm'n*, 203 Ariz. 594, 596, ¶ 6 (App. 2002). If the record contains evidence sufficient to support a finding by the ALJ that the claimant lacked credibility, we will not disturb it. *Holding v. Indus. Comm'n*, 139 Ariz. 548, 551 (App. 1984). The ALJ may reject a claimant's testimony "if it is self-contradictory, inconsistent with other evidence, or directly impeached." *Id.*; *see also, e.g.*, *Henderson-Jones v. Indus. Comm'n*, 233 Ariz. 188, 191-92, ¶ 9 (App. 2013) ("When multiple inferences may be drawn, the ALJ is at liberty to choose whichever he or she finds most credible, and this court will not disturb the ALJ's conclusion unless it is wholly unreasonable."); *S.L.C. Leasing v. Indus. Comm'n*, 25 Ariz. App. 366, 367, n. (1975) ("Any problems of credibility or inconsistencies are in the province of the hearing officer and not for this Court to resolve."); *Wimmer v. Indus. Comm'n*, 15 Ariz. App. 543, 544 (1971) (Commission not required to accept claimant's testimony when inferences from other evidence cast doubt on claimant's credibility); *Williams v. Indus. Comm'n*, 14 Ariz. App. 511, 513 (1971) ("[W]here there is a conflict in testimony which is in any part dependent upon a claimant's credibility, the Industrial Commission as trier of fact is at liberty to choose what it believes.").

**¶10**        Here, the ALJ heard evidence that was inconsistent with Baca's account that his injury occurred on May 16, 2016. The record of his visit to the emergency room on May 23 stated that he said the injury

---

[1]        Absent a material revision of a statute or rule since the relevant date, we cite the current version.

occurred when he was "lifting a compressor onto a pallet 2 1/2 weeks ago." Although Baca denied telling medical personnel that he was injured two-and-a-half weeks before May 23 (rather than on May 16), the ALJ was entitled to disbelieve Baca's account.

¶11 At any rate, contrary to Baca's argument, we detect no "overwhelming weight" of evidence supporting his testimony that the injury occurred while he was working for All Quality. Lederman, who examined Baca on June 27, testified he could not determine the date of Baca's injury independent of what Baca told him; the doctor could say only that Baca's ruptured biceps tendon and associated shoulder injuries could have happened on May 16. Baca did not immediately report the injury to All Quality even when he stopped by the office and had a clear opportunity to do so, and even after he recognized the seriousness of his injury to the point that he sought treatment in the emergency room. Moreover, the co-worker Baca testified was working with him on May 16 did not testify – a subpoena sent to his last known address was returned as undeliverable. Because no other evidence supported Baca's testimony of when his injury occurred, the ALJ was entitled to disbelieve him. *See Adams v. Indus. Comm'n*, 113 Ariz. 294, 296 (1976) ("The Industrial Commission may disregard self-serving testimony of an interested witness . . . , except when corroborated by other credible evidence or disinterested testimony.") (quotation omitted); *Fish v. Indus. Comm'n*, 12 Ariz. App. 486, 494 (1970) ("[W]here evidence of an interested witness is corroborated by a disinterested witness, a rejection of that evidence amounts to arbitrary action by the court."). *But see Holding*, 139 Ariz. at 551 (Commission "may not reject a claimant's testimony simply *because* it is self-interested.") (emphasis added).

¶12 Baca also argues that we must reverse the award because the ALJ did not state the basis for her finding that Baca was not credible. "Judges must make factual findings that are sufficiently comprehensive and explicit for a reviewing court to glean the basis for the judge's conclusions." *Douglas Auto & Equip. v. Indus. Comm'n*, 202 Ariz. 345, 347, ¶ 9 (2002) (citations omitted). "Although findings need not be exhaustive, they cannot simply state conclusions," and must be sufficiently specific "to permit meaningful judicial review." *Id.*; *see also Post v. Indus. Comm'n*, 160 Ariz. 4, 5, 9 (1989) (vacating decision in which Commission merely "set forth the ultimate legal conclusion" after "quoting some testimony and citing general principles of workers' compensation law"). But a decision need not include a specific finding of fact on every issue as long as it disposes of all material issues. *Garcia v. Indus. Comm'n*, 26 Ariz. App. 313, 315 (1976); *see also*

*Douglas*, 202 Ariz. at 348, ¶¶ 11, 13 (affirming award based on Commission's conclusory finding that claimant testified credibly).

**¶13**        Here, the ALJ's finding that Baca was not credible was clearly based on discrepancies in Baca's differing reports of when he was injured. Moreover, as noted above, Baca did not immediately report his injury to his employer or seek treatment until several days after the day he said he was injured.  This evidence adequately supports the ALJ's finding regarding Baca's credibility, as well as the ALJ's ultimate finding that Baca did not suffer an industrial injury while working for All Quality.

## CONCLUSION

**¶14**        For the foregoing reasons, we affirm the Commission's award denying Baca's claim.



AMY M. WOOD • Clerk of the Court
FILED:  AA