NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ZURICH AMERICAN INSURANCE COMPANY, *Petitioner Carrier*,

FOUR POINTS BY SHERATON PHOENIX MESA GATEWAY,
*Petitioner Employer*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

HATTIE M. CURRIE, *Respondent Employee*.

No. 1 CA-IC 17-0058
FILED 10-18-2018

Special Action - Industrial Commission

ICA Claim No. 20153360080
Carrier Claim No. B641400274-0001-01
C. Andrew Campbell, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Quintairos, Prieto, Wood & Boyer, P.A., Phoenix
By Terence N. Cushing, Rita J. Bustos
*Counsel for Petitioner Carrier and Petitioner Employer*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Day Law Office, Mesa
By Linda C. Day, John F. Day
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

**¶1**        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for a compensable claim. Two issues are presented on appeal:

> (1) whether the administrative law judge ("ALJ") committed error by finding that the respondent employee ("claimant") was forthwith in reporting her industrial injury; and

> (2) whether the ALJ erred by failing to make findings addressing whether the claimant's failure to make a forthwith report prejudiced the petitioner employer, Four Points by Sheraton ("Sheraton").

Because we find no error and the evidence of record reasonably supports the ALJ's award, we affirm.

I.        JURISDICTION AND STANDARD OF REVIEW

**¶2**        This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2003), 23-951(A) (2012), and Arizona Rule of Procedure for Special Actions Rule 10 (2009). In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270 (App. 2003). We consider the evidence in a light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105 (App. 2002).

2

## II.   FACTUAL AND PROCEDURAL HISTORY

¶3        The claimant worked as a house attendant for Sheraton cleaning the hotel's common areas—lobbies, bathrooms, etc. She testified that on May 15, 2015, she injured her left shoulder while lifting a large trash bag into a dumpster. The claimant filed a workers' compensation claim, which was denied for benefits, and she timely requested an ICA hearing. The ALJ held a hearing and heard testimony from a housekeeping supervisor; a housekeeping manager; two orthopedic surgeons, Drs. Hatfield and Ferry; and the claimant.

¶4        The claimant testified that she was working alone on the evening she was injured. Her duties included taking out the trash. She stated that she dragged a trash bag to the dumpster outside the hotel. When she picked up the trash bag to put it in the dumpster, her left shoulder "felt like it froze, and [she] couldn't move for a few minutes." The claimant then used her right arm to push the bag into the dumpster. Afterwards, her left shoulder "hurt a little bit," but she "thought it would be all right."

¶5        The claimant continued to perform her regular work at the hotel. She testified that she mentioned the incident to her coworkers, and in late May, she reported it to her supervisor, Ileana Aldana. Sheraton then provided work accommodations by reducing the claimant's hours and giving her lighter work. On June 20, 2015, she resigned because of her left shoulder pain and sought treatment from her primary care physician.

¶6        Patricia Selby, a housekeeping supervisor, testified that she was present on May 29 or 30 when the claimant reported her injury to Aldana. Selby stated that the claimant told Aldana that she injured her shoulder while taking out the trash, and Aldana scolded the claimant for trying to push the heavy bag into the dumpster by herself. There was no discussion of medical treatment.

¶7        Aldana testified that she was the housekeeping manager at Sheraton at the time of the claimant's reported injury. She first heard about the claimant's injury from other hotel employees, including Sheraton's human resources manager. Aldana testified that Sheraton's general manager, Shannen Desautelle, arranged a meeting to discuss the claimant's injury. She could not recall when the meeting occurred, but she stated that the only people present were the claimant, Desautelle, and herself. Aldana stated the claimant continued to perform her regular work, but Sheraton

provided work accommodations including having someone else take out the trash. Sheraton also offered the claimant medical treatment, which the claimant declined.

¶8            At the conclusion of the testimony, the ALJ entered an award for a compensable claim. Sheraton timely requested administrative review, but the ALJ summarily affirmed the award. Sheraton next brought this appeal.

III.    DISCUSSION

¶9            Sheraton first argues the ALJ erred when he found the claimant had reported her industrial injury forthwith. An injured employee must report the accident and the resulting injury to the employer "forthwith." *See* A.R.S. § 23-908(E). But an injured employee has no duty to report an injury until she recognizes the nature, seriousness, and probable work connection between the injury and her employment. 11 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 126.05[1] at 126-18 (2017).

¶10            The sanction for failure to report forthwith is forfeiture of workers' compensation benefits. *See* A.R.S. § 23-908(F). The ALJ may relieve a claimant of this sanction if he "believes after investigation that the circumstances attending the failure . . . are such as to have excused" the failure to report forthwith. *Id.*

¶11            Sheraton argues that, as a matter of law, the fourteen- or fifteen-day delay between the claimant's injury and her report to Aldana cannot be forthwith and cites *Douglas Auto & Equipment v. Industrial Commission*, 202 Ariz. 345 (2002). In *Douglas Auto*, the claimant injured his knee at work and waited six days to report it to his employer. *Id.* at 346, ¶ 1. An ALJ found that although the claimant did not forthwith report his injury, his failure could be excused. *Id.* at 347, ¶ 8.

¶12            The Arizona Supreme Court ultimately upheld the ALJ's decision. In reaching its decision, the court stated, "We note initially that, while the number of days between injury and the employee's report of the injury is not decisive, the fact that a short period of time lapses, as occurred in this instance, makes prejudice to the employer less likely." *Id.* at 348, ¶ 12. *See also Larson*, *supra*, § 126.01 at 126-4 (explaining the time frame for notice of an injury "is comparatively short; it may be 'forthwith,' or 'as soon as practicable,' or a specified period of a few weeks or months.").

4

¶13        In this case, the ALJ specifically found the claimant credible and resolved the evidentiary conflicts in her favor. He concluded that she forthwith reported her injury, and that her report "on May 29 or 30, 2015 . . . was within a reasonable time under the circumstances." Further, the ALJ found that Sheraton could have performed any investigation it deemed appropriate when it provided the claimant with work accommodations.

¶14        Contrary to Sheraton's contention, Arizona law has not reduced forthwith reporting to a specific number of days. Instead, whether a report has been made forthwith turns on what is deemed reasonable under the circumstances. In this case, the claimant's injury occurred while she was working alone at night with no supervisor present. She did not recognize the seriousness of her injury when it occurred because it was not very painful, and she was able to perform her regular work. Further, although Sheraton's human resources manager, who was responsible for workers' compensation claims, became aware of the claimant's injury, she took no action until after the claimant reported it to Aldana. For these reasons, the appellate record supports the ALJ's compensability award.

¶15        Because we affirm the ALJ's finding that the claimant forthwith reported her industrial injury, we need not address whether the claimant's failure to forthwith report should be excused or whether the ALJ should have made findings concerning prejudice to Sheraton. We affirm the award.

