NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

LISA DOUGLAS, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

LOVES TRAVEL STOPS AND COUNTRY STORES, *Respondent Employer,*

ACE AMERICAN INSURANCE CO., *Respondent Carrier.*

No. 1 CA-IC 23-0016
FILED 4-16-2024

---

Special Action - Industrial Commission
ICA Claim No. 20210080100
Carrier Claim No. 189418826-001
The Honorable Colleen Marmor, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Taylor & Associates, P.L.L.C., Phoenix
By Nicholas C. Whitley
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark, Barberich, La Mont & Puig P.C., Phoenix
By R. Todd Lundmark, David T. Lundmark
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision in which Presiding Judge Daniel J. Kiley and Judge Kent E. Cattani joined.

---

**W I L L I A M S**, Judge:

¶1 The Industrial Commission of Arizona ("ICA") issued an initial award concluding that Lisa Douglas, an injured worker, was not medically stationary and needed further active medical care. Upon reconsideration of that award, the ICA Administrative Law Judge ("ALJ") reversed, concluding that Douglas's work-related injury was stationary through October 17, 2021. Douglas challenges the ALJ's decision upon review as insufficient and unsupported by evidence. While we agree that the initial award makes no findings of fact and merely chooses one expert opinion over others without meaningful explanation, we conclude that the decision upon review provides a legally sufficient basis for resolving the conflict in expert medical opinion evidence. Accordingly, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 While working in late 2020 for Loves Travel Stops and Country Stores ("the Employer"), Douglas hurt her back pushing a heavy laundry basket. She was diagnosed with an insufficiency fracture to the sacrum. Initially, she experienced pain on the right side of her lower back. Later, her right-side pain resolved but she developed pain on the left side of her lower back. She sought further treatment, but Ace American Insurance Co., the Employer's insurance carrier, issued a notice of claim status closing the claim as of October 17, 2021, with no permanent disability. Douglas requested a hearing, claiming that she continued to require active medical treatment and, in the alternative, that she sustained a permanent disability. Although the hearing addressed whether Douglas was medically stationary, the primary issue at the hearing was whether the opposite (left) side pain was causally related to the work accident.

¶3 At the hearing, three medical experts testified. Dr. Eamonn Mahoney, board-certified in orthopedics, began treating Douglas in December 2020, just after her accident at work. He testified that Douglas

sustained a work-related fracture on the right side of the sacrum, which had healed by October 2021. He also diagnosed a lytic spondylolisthesis ("slipped vertebrae") at L5-S1, however, a pre-existing condition in which a defect in Douglas's bone caused the vertebrae at L5 to slip forward on the S1 vertebrae, causing Douglas's pain on the left side. Dr. Mahoney focused his treatment attention on the slipped vertebrae rather than the fracture, but a flare-up of Douglas's lupus hindered her treatment. Although he testified that Douglas's pain on the left side was not directly caused by the fracture, he explained that the fracture could have made the slipped vertebrae worse or symptomatic. Neither side asked Dr. Mahoney to opine whether Douglas suffered a permanent impairment from the work injury.

¶4            Two experts testified for the Employer and its insurance carrier. Dr. Gary Dilla, board-certified in physical medicine and rehabilitation, conducted an independent medical examination ("IME") on Douglas in February 2022. He opined that Douglas suffered the insufficiency fracture described by Dr. Mahoney and a lumbar sprain, both of which resolved by October 2021. He also opined that Douglas did not show evidence of any sacroiliac joint injury that would account for her left-side pain. He concluded that Douglas's work injury had resolved, and she sustained no permanent impairment.

¶5            Dr. Michael S. Chang, a board-certified orthopedic surgeon, also conducted an IME of Douglas in April 2021, with an update in September 2021. He agreed that Douglas suffered an acute insufficiency fracture from the work accident but opined that her slipped vertebrae were caused by an old stress fracture that had "been going on for decades" and was thus a degenerative condition. He found no evidence of acute injury to the vertebrae and concluded that the slipped vertebrae were unrelated to the work accident, expressly disagreeing with Dr. Mahoney's opinion that the work accident may have exacerbated the slipped vertebrae. He did not find that Douglas suffered any permanent impairment because of the accident.

¶6            The ALJ issued an award that summarized the testimony of the witnesses, described the law relevant to challenging the closure of a claim, and concluded that Douglas had proven that she needed further active care and was entitled to further benefits until she became medically stationary. The award made no findings of fact and concluded, without explanation, that Dr. Mahoney's opinion was "most probably correct and well-founded."

3

¶7 The Employer and its insurance carrier moved for reconsideration, arguing that Dr. Mahoney opined only that the work injury *may have* aggravated Douglas's slipped vertebrae, not that it, in fact, did so. The ALJ reconsidered the evidence and concluded that "Dr. Mahoney's testimony was more speculative than certain with regard to what caused [Douglas's] ongoing left-sided symptoms." The decision upon review provides no factual findings nor a conclusion about whether Douglas suffered a permanent impairment. Instead, it notes the conflicting medical opinion evidence presented, adopts the opinions of Dr. Dilla and Dr. Chang "as being most probably correct and well-founded," and concludes that Douglas failed to establish "by a reasonable preponderance of the credible evidence that she needs further active medical care." Douglas filed this statutory special action challenging the conclusion that she does not require further active medical care.[1]

## DISCUSSION

¶8 An injured worker bears the burden of proving that her condition has not become stationary and she is entitled to continuing benefits. *Stephens v. Indus. Comm'n*, 114 Ariz. 92, 94 (App. 1977). "[T]he term 'stationary' refers to that time when the physical condition of the employee resulting from the industrial injury has reached a relatively stable status so that nothing further in the way of medical treatment is indicated to improve that condition." *Aragon v. Indus. Comm'n*, 14 Ariz. App. 175, 176 (1971). When an issue is peculiarly within the knowledge of medical doctors, such as whether a medical condition is stationary, competent medical testimony must support a worker's claim that her condition is not static. *Rosarita Mexican Foods v. Indus. Comm'n*, 199 Ariz. 532, 535, ¶ 12 (App. 2001).

¶9 In this case, the medical experts uniformly testified that Douglas sustained a work-related injury, which had since healed. Because Douglas alleged that her work-related injury aggravated a separate condition, she bore the burden of presenting evidence demonstrating a causal connection between the original injury and the aggravated condition.

¶10 ICA awards must make findings of fact and conclusions of law. *Post v. Indus. Comm'n*, 160 Ariz. 4, 6–7 (1989). When presented with competing medical opinion evidence, the ALJ must "resolve the conflicts in the testimony, draw one of the conflicting inferences, [and] reach one of

---

[1] She does not argue the permanent impairment issue in her brief.

[the] ultimate conclusions." *Id.* An ICA award that simply sets forth general principles of workers' compensation law and an ultimate legal conclusion, does not provide an adequate basis for review. *Id.*

**¶11**      Douglas argues that both the award and the decision on review are insufficient because they do not make factual findings on material issues. Relying on *Post*, she contends that the decision on review is so deficient that this court cannot properly review it.

**¶12**      "It is the rule that the findings of administrative agencies must be explicit to enable the reviewing court to review the decision intelligently and to ascertain whether the facts as found afford a reasonable basis for the decision or be sufficiently definite and certain to permit [] judicial interpretation." *Wammack v. Indus. Comm'n*, 83 Ariz. 321, 325 (1958). "Although findings need not be exhaustive, they cannot simply state conclusions." *Douglas Auto & Equip. v. Indus. Comm'n*, 202 Ariz. 345, 347 (2002). "[I]f the findings lack precision and are too indefinite to aid the courts in reviewing the award," the award must be set aside. *Hatfield v. Indus. Comm'n*, 89 Ariz. 285, 289 (1961). However, if an ICA award provides a sufficient basis for the ALJ's ultimate conclusion, even if the ALJ's findings are "not as detailed as [reviewing courts] would prefer," the lack of robust findings will not automatically defeat the award. *Douglas Auto & Equip.*, 202 Ariz. at 347, ¶ 8.

**¶13**      In this case, the award on review does not expressly set forth findings of fact, specific or otherwise. However, the issue to be decided is not factually complex, requiring only a weighing of the expert opinions, and the ALJ opined that the employer's expert's views were "well-founded." While we would prefer that the award expressly set forth the reason for giving one opinion more weight than another, the decision on review provides the ALJ's basis for reaching a different outcome when she reweighed the expert opinions. On this record, the only conflict in the experts' opinions was whether the work-related injury aggravated Douglas's preexisting slipped vertebrae condition. Because the ALJ has the authority to resolve conflicting medical opinions, *Am. Ins. Co. v. Indus. Comm'n*, 144 Ariz. 364, 369 (App. 1984), and the ALJ here fully resolved the conflict based on the character of the expert testimony, characterizing Dr. Mahoney's opinion as "more speculative" than the others, we will not set aside the decision.

## CONCLUSION

¶14          We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA