NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

ROMAN MORENO, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ME GLOBAL INC, *Respondent Employer*,

TRAVELERS INDEMNITY CO OF CONNECTICUT, *Respondent Carrier*.

No. 1 CA-IC 23-0032

FILED 10-10-2024

---

Special Action - Industrial Commission
ICA Claim No. 20221820131
Carrier Claim No. 042-CB-FWQ3396-N
The Honorable Jeanne Steiner, Administrative Law Judge

**AWARD SET ASIDE**

---

COUNSEL

Etoile Law, PLLC, Chandler
By Angelica Simpson
*Counsel for Petitioner*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark, Barberich, La Mont & Puig, P.C., Phoenix
By David T. Lundmark
*Counsel for Respondent Employer and Carrier*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Kent E. Cattani joined.

---

**W I L L I A M S**, Judge:

**¶1** Workers injured on the job must report their injury promptly to their employers. Failure to do so could result in forfeiture of compensation. An administrative law judge ("ALJ") with the Industrial Commission of Arizona ("ICA") found that Roman Moreno did not promptly report an injury to his employer ME Global Inc. ("ME Global"). Finding that Moreno's delayed injury report resulted in prejudice to ME Global, the ALJ affirmed Travelers Indemnity Co. of Connecticut's ("Travelers") denial of Moreno's claim. For the following reasons, we set aside the ICA award and remand for further findings.

### FACTUAL AND PROCEDURAL HISTORY

**¶2** We consider the evidence in the light most favorable to sustaining the award. *Snyder v. Indus. Comm'n*, 96 Ariz. 81, 83 (1964). Moreno worked in ME Global's foundry for 16 years. His job included lifting and moving heavy metal objects. According to Moreno, he hurt his lower back while working on February 1, 2022. He explained that he was lifting a metal bar of "between 40 and 60 pounds" when he "heard something pop in [his] back." He described the injury as a mild strain that worsened over the following weeks and months. He testified at a hearing that he told a co-worker about the injury when it happened, and reported it to his supervisor the same day. He further testified that his supervisor did not suggest that he see a doctor, nor did he provide Moreno with any paperwork to document the injury. However, there are no contemporaneous records of that report or injury. Moreno continued to work and lost no work time due to the injury.

**¶3** In mid-June 2022, Moreno had a new supervisor. He complained to the new supervisor that he had strained his lower back, but the record is not clear whether he related the injury to the February event. The company's HR manager, Patrick Frazier, took Moreno to an urgent care

center to get his back examined. An urgent care doctor reported that the strain was not work-related, and no work restrictions were necessary. Moreno went back to work. On July 1, 2022, Moreno filed a worker's compensation report of injury, reporting a lower back injury that occurred on February 1, 2022. Travelers denied the claim at the end of July. In October 2022, Moreno was fired for excessive absences.

**¶4**          The ICA held a hearing on Moreno's claim, taking testimony from Moreno and his supervisors. Because ME Global and Travelers raised the defense of failure to "forthwith" report the injury as required by statute, the evidence and testimony focused on whether Moreno had reported the injury in February 2022. Moreno testified that he told the supervisor and his co-worker about the injury and briefly discussed it with other supervisors. He offered no corroboration through contemporaneous documents or other witnesses. Frazier testified that company policy requires that he, as HR manager, be informed of any workplace injuries and that the employee be taken for treatment immediately. Frazier did not learn of Moreno's alleged injury, however, until June 2022, when he had a five-minute conversation with Moreno about it. When asked if he believed that his brief conversation with Moreno constituted an adequate investigation, Frazier replied that he did.

**¶5**          The ALJ issued an award summarizing the evidence presented, including Frazier's testimony that he was not informed of Moreno's alleged injury until June 2022. The ALJ rejected Moreno's testimony that he reported the injury on February 1, 2022, finding that Moreno "was not credible" and that the remaining evidence "does not corroborate or support" Moreno's testimony on that point. She therefore found that Moreno failed to report the injury "forthwith" as required by A.R.S. § 23-908(E). The ALJ explained that the Arizona Supreme Court has provided two possible excuses for failing to timely report an injury, and then stated, in a conclusory manner, that Moreno "has not met his burden of establishing . . . that his failure" to timely report the injury "should be excused." Finding it unnecessary "to resolve the conflict in the medical evidence regarding whether [Moreno] sustained [a] compensable work injury on February 1, 2022," the ALJ denied Moreno's claim.

**¶6**          Moreno filed a request for review, asserting, *inter alia*, that his failure to report the injury "forthwith" should be excused because the delay caused ME Global no prejudice. Citing Frazier's testimony that he was able to conduct "a sufficient investigation" when he learned of the alleged injury in June 2022, Moreno argued that the delay in reporting did not impede ME Global's ability to "fully investigate [his] injury." Moreno also argued that

no evidence indicated "his injury was at all aggravated by a delay in treatment."

**¶7**      In response, ME Global argued that Moreno's failure to timely report the injury caused prejudice because it resulted in a "delay in medical care." ME Global further argued that it "was not given [a] full opportunity to investigate" the alleged injury "immediately" due to Moreno's reporting delay, and that, instead, "could only begin its investigation months later."

**¶8**      The ICA ALJ summarily affirmed the decision denying Moreno's claim. Moreno then filed this statutory special action to review the award. We have jurisdiction. *See* A.R.S. § 12-120.21(A)(2).

## DISCUSSION

**¶9**      When reviewing the findings of the ICA, we consider the evidence in the light most favorable to upholding the award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). We will uphold the ALJ's findings if reasonably supported by substantial evidence. *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 216 (1968).

**¶10**      Injured workers must "forthwith" report an accidental injury under A.R.S. § 23-908(E). Failure to do so risks forfeiture of compensation. A.R.S. § 23-908(F). The Arizona Supreme Court has observed that this prompt reporting requirement serves two purposes: (1) to allow the employer to provide immediate medical diagnosis and treatment, and (2) to facilitate investigation of the circumstances that caused the injury. *Thompson v. Indus. Comm'n*, 160 Ariz. 263, 266 (1989). The ICA may excuse the failure to promptly report. A.R.S. § 23-908(F). The Arizona Supreme Court has recognized two instances in which excusal is appropriate: (1) when the worker had no way of knowing that an injury occurred or was related to employment, and (2) when the untimely reporting has not prejudiced the employer. *Douglas Auto & Equip. v. Indus. Comm'n*, 202 Ariz. 345, 347 (2002). Lack of prejudice may be established by evidence "that the claimant's injury was not aggravated by the employer's inability to provide early diagnosis and treatment, and, further, by showing that the employer was not hampered in making [its] investigation and preparing [its] case." *Pac. Fruit Express v. Indus. Comm'n*, 153 Ariz. 210, 215–16 (1987) (citation omitted).

**¶11**      ALJs have a statutory duty to "make specific findings on all material issues and resolve all material 'conflicts in the evidence.'" *Aguirre v. Indus. Comm'n*, 247 Ariz. 75, 77, ¶ 12 (2019) (quoting *Post v. Indus. Comm'n*, 160 Ariz. 4, 8 (1989)). Moreover, they "cannot simply state [their]

4

conclusions" in their decisions, but "must make factual findings that are sufficiently comprehensive and explicit for a reviewing court to glean the basis for [their] conclusions." *Douglas Auto*, 202 Ariz. at 347, ¶ 9. The requirement that ALJs make "specific" findings not only facilitates "meaningful judicial review," but "encourage[s] [ALJs] to consider their conclusions carefully" in the first instance. *Id*. This Court "will set aside an ALJ's award 'if we cannot determine the factual basis of [the] conclusion or whether it was legally sound.'" *Landon v. Indus. Comm'n*, 240 Ariz. 21, 24–25, ¶ 9 (App. 2016) (quoting *Post*, 160 Ariz. at 7).

**¶12**        Here, the ALJ set forth specific factual findings to support her conclusion that Moreno did not report the injury until six months until after it happened. Moreover, the record supports this determination.

**¶13**        But the ALJ set forth no factual findings to support her conclusion that Moreno "has not met his burden of establishing . . . that his failure to report 'forthwith' should be excused." She cited no evidence and made no findings about whether the delay in reporting impeded ME Global's ability to conduct a proper investigation. Likewise, she cited no evidence and made no findings about whether Moreno's injury was aggravated because of the delay in treatment. Because these issues were disputed by the parties, the ALJ was required to make specific findings to explain her decision to accept ME Global's position and reject Moreno's. *See Aguirre*, 247 Ariz. at 77, ¶ 12; *see also Douglas Auto*, 202 Ariz. at 347, ¶ 9. Absent the required factual findings, we "cannot determine the factual basis of the [ALJ's] conclusion or whether it was legally sound," *Post*, 160 Ariz. at 7, and so we must set aside the award. *Landon*, 240 Ariz. at 24–25, ¶ 9.

**CONCLUSION**

**¶14**        For the foregoing reasons, we set aside the award and remand for further proceedings consistent with this decision.

